**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TINA L. HOUSDAN**                                                                          **PLAINTIFF**

**vs.**                                                         **CAUSE NO. 3:13-CV-543-CWR-FKB**

**JPMORGAN CHASE BANK, N.A.;**
**TAMMY MICHELLE DORMAN; TERRY**
**MONROE DORMAN; FRANCES M.**
**GRAY; AND JOHN AND JANE DOES 1-**
**100**                                                                                      **DEFENDANTS**

## ORDER

Before the Court are a Motion to Dismiss by Defendant JPMorgan Chase Bank, Inc.

("Chase"), Docket No. 6; Plaintiff's Motion to Remand, Docket No. 8; a Motion to Dismiss by

Tammy Michelle Dorman, Terry Monroe Dorman, and Frances M. Gray ("Individual

Defendants"), Docket No. 10; Plaintiff's Motion to Stay Proceedings, Docket No. 13; Plaintiff's

Motion to Strike Chase's memorandum in opposition to the motion to remand, Docket No. 18;

and Chase's Motion to Strike Plaintiff's response in reply to the motion to remand, Docket No.

23.   After careful consideration of the submissions of the parties and the applicable law, the

Court finds that Motion to Remand will be granted and the Motions to Dismiss[1] will be reserved

for adjudication by the state court from which this case was removed.

## BACKGROUND

This action arises out of Chase's foreclosure on the plaintiff's property and the

subsequent conveyance of the property to the Individual Defendants.

---

[1] Plaintiff's Motion to Stay Proceedings, Docket No. 13, principally addresses her time to respond to
Defendants' Motions to Dismiss and is hereby rendered moot due to the Court's ruling on those motions.

1

Plaintiff Tina L. Housdan claims that she acquired a certain tract of real property in Brandon, Mississippi, on or about April 25, 2008. Complaint, Docket No.1, Ex. 1, at ¶ 13. She executed a deed of trust in connection with the purchase and secured an indebtedness of $207,313.00. This deed of trust and indebtedness were then assigned to Chase Home Finance LLC. According to the Complaint, Housdan was employed as mortgage broker when she acquired the property in early 2008. Housdan alleges that she had difficulty submitting her mortgage payments starting in early 2009 because her income was significantly reduced due to the economic downturn. After falling behind on her payments, Housdan received notice that her property was scheduled to be sold at foreclosure.

Housdan states that she contacted Chase to begin the loan modification application process, and Chase advised her that the foreclosure had been stopped while the modification application was pending. Housdan alleges that she sent Chase all of the information that it requested for the loan modification process multiple times, and that a Chase representative told her that she was approved for a loan modification, the foreclosure sale had been cancelled, and that she would soon receive the necessary paperwork to complete and sign. According to Housdan, she never received the paperwork after waiting nearly two months. She frequently called about the status of the modification process and the paperwork, but she "received conflicting information from Chase" and "never spoke with the same person twice." *Id.* ¶ 24. During one such attempt, a Chase representative informed her that she did not qualify for the modification. When Housdan explained that another representative had told her that she had previously been approved and that she was waiting on the paperwork, the representative insisted that she did not qualify. Shortly thereafter, Housdan received a letter notifying her that her

property would be sold at foreclosure and that she was required to leave the premises.  She left before the stated date in her "eviction notice."  *Id.* ¶ 26.

In August 2010, the property was sold at foreclosure at the Rankin County Courthouse to Chase Home Finance LLC for the amount of $226,285.58.  Chase sold the property to the Secretary of the U.S. Department of Housing and Urban Development ("HUD") by special warranty deed.  HUD then sold the property by assignment of lease to the current owners, Tammy Michelle Dorman, Terry Monroe Dorman, and Frances M. Gray.  On November 18, 2011, Housdan filed a Chapter 7 petition for bankruptcy in the U.S. District Court for the Southern District of Mississippi.  The bankruptcy court granted Plaintiff a standard, no-asset discharge on March 28, 2012.

On August 2, 2013, Housdan filed this action in the Circuit Court of Rankin County, Mississippi, asserting state law causes of action in tort, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, negligent infliction of emotional distress, negligence/gross negligence, wrongful foreclosure, and unjust enrichment.  She also raised claims of trespass, fraudulent conveyance and ejectment against the Individual Defendants.  The Individual Defendants are all Mississippi citizens and Chase is a non-Mississippi national association.[2]

Chase removed the case to this Court, alleging that the Individual Defendants were improperly joined for the purpose of defeating diversity jurisdiction.  It has also argued that this Court has subject matter jurisdiction based on federal question because Plaintiff's complaint raises Consent Orders between Chase and the U.S. Office of the Comptroller of the Currency

---

[2] In its Notice of Removal, Chase states that its principal place of business is in Ohio.  Docket No. 1, at ¶ 6.  Housdan's state court complaint alleges that its principal place of business is in New York.  Docket No. 1, Ex. 1, at ¶ 3.  Despite the discrepancy, it is undisputed that Chase is not a citizen of Mississippi.

("OCC") and HUD regulations.[3]  Housdan then filed her Motion to Remand, in which she argued the Court does not have diversity jurisdiction and the case should be remanded to state court.

## DISCUSSION

### I. Diversity Jurisdiction

Title 28, Section 1332 of the United States Code confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  It is undisputed that the amount in controversy is satisfied in this lawsuit, and that Chase, with its principal place of business in Ohio, and Plaintiff Housdan domiciled in Mississippi, are diverse from one another. The issue before the Court is whether the Individual Defendants, who are Mississippi residents, were improperly joined.  If the Individual Defendants are proper parties to this action, diversity is defeated and the case should be remanded. If they were improperly joined, complete diversity exists and the case must remain in federal court.

Federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  The party seeking removal bears the burden of establishing that federal jurisdiction exists and showing that removal is procedurally proper.  *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt regarding whether federal jurisdiction exists following removal must be resolved against a finding of federal jurisdiction. *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Lack of

---

[3] In its Notice of Removal, Chase argues that Housdan filed for bankruptcy in 2011 and failed to disclose the property at issue in this case as an asset of the bankruptcy estate.  Chase argues that Housdan's claims are "core proceedings or non-core related proceedings pertaining to the aforementioned bankruptcy estate."  Docket No. 1, at ¶ 8.  Thus, Chase argues that this Court also has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 157, 1334, 1452.

diversity is a jurisdictional defect that cannot be waived. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 560 (5th Cir. 1985).

To establish improper or fraudulent joinder, the moving party must demonstrate either "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under the second inquiry, this Court must determine "whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). Defendants must demonstrate that there is "'no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Smallwood*, 385 F.3d at 573). "When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party." *Barahona Rodriguez v. Kivett's Inc.*, No. 3:05-CV-738-WHB-JCS, 3:06 CV 13, 2006 WL 2645190, at *3 (S.D. Miss. Sept. 12, 2006) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).[4]

---

[4] In *Smallwood*, the Fifth Circuit indicated that, in isolated cases, "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." 385 F.3d at 573. In this case, Chase has urged the Court to consider piercing the pleadings and to evaluate Defendant Tammy Dorman's affidavit stating that the Individual Defendants had no knowledge of Housdan or any claims or disputes she had with Chase regarding the property – essential facts to establish that they were bona fide purchasers for value without notice. Declaration, Docket No. 16, Ex. N, ¶ 7. In its opposition to the motion to remand, Chase urges the Court to pierce the pleadings. *See* Docket No. 17, at 8-10. "[T]he Court must first conduct a 12(b)(6) analysis, and it may only pierce the pleadings if Plaintiff stated a valid claim for relief under state law." *Sheppard v. Morris & Assocs.*, No. 1:11CV065-SA-JAD, 2012 WL 1074204, at *2 (N.D. Miss. Mar. 29, 2012) (citing *Smallwood*, 385 F.3d at 573). Piercing the pleadings, however, only happens in rare cases where a plaintiff has "misstated or omitted discrete facts." *Smallwood*, 385 F.3d at 573. In this case, the Defendants have failed to establish that Plaintiff could not

To determine whether a plaintiff has a reasonable basis of recovery under state law, courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*  Chase, as the removing party, bears the *heavy* burden of demonstrating that there is no possibility of recovery against the Individual Defendants.  *See Travis* 326 F.3d at 648–49 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  Chase has failed to meet its burden.

Plaintiff has argued that Chase has failed to prove that there is "absolutely no possibility" that the plaintiff will be able to establish a claim against the Individual Defendants for ejectment, trespass and fraudulent conveyance,[5] or the other state law claims that Plaintiff has raised against them.[6]  This Court has found and the parties have cited cases in which courts in Mississippi have

state a claim for ejectment under state law.  Defendants have also not identified "discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant."  *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) (citing *Smallwood*, 385 F.3d at 573-74).  Taking Dorman's affidavit as true that the Individual Defendants were bona fide purchasers, Defendants have not established that there is "no reasonable possibility" under state law that the Individual Defendants did not obtain clear title to property found to have been subject to wrongful foreclosure.  Thus, Plaintiff has not omitted necessary facts that make it necessary to pierce the pleadings.  Accordingly, the Court will limit its review to the Complaint.

[5] It is unclear whether Plaintiff is pursuing a claim of fraudulent conveyance against Chase.  The complaint charges Chase with acquiring the property through a wrongful foreclosure sale and argues that "any subsequent conveyance, including to Defendants Dorman and Defendant Gray, of Plaintiff's property constitutes a fraudulent conveyance, or conveyances," and should be declared "null, void, and of no effect."  Compl., Docket No. 1, Ex. 1, ¶¶ 108-10.  To the extent that this allegation is a charge against the Individual Defendants, this claim is properly brought against a debtor but not a subsequent purchaser.  *Brasel v. JPMorgan Chase, N.A.*, 1:13-CV-00206-GHD, 2014 WL 2879698 (N.D. Miss. June 24, 2014), at *4 (citing Miss. Code Ann. § 15-3-107(1) (providing that a conveyance is fraudulent if a debtor "made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor.")).  Thus, the Court finds there is no reasonable possibility of success on this claim against the Individual Defendants.  *See id.*

[6] Chase has relied on *Sheppard v. Morris & Associates, et al.*, No. 1:11cv065-SA-JAD, 2012 WL 1074204 (N.D. Miss. Mar. 29, 2012), to support the proposition that subsequent purchasers for value without notice are fraudulently joined in wrongful foreclosure actions.  *Sheppard*, however, is distinguishable from this case.  In *Sheppard*, the plaintiff "named [the subsequent purchaser] as a defendant in order to set aside the transfer of the property to that entity."  Unlike this case, that plaintiff

evaluated this issue.   In *Brasel v. JPMorgan Chase, N.A.*, 1:13-CV-00206-GHD, 2014 WL 2879698 (N.D. Miss. June 24, 2014), for example, the defendants alleged that the plaintiff could not state a claim against the subsequent buyer of property allegedly subject to wrongful foreclosure.   According to that court, "In a wrongful foreclosure case, there is at least a slight possibility of recovery on claims against a subsequent purchaser for value in Mississippi."   *Id.* at *3 (citing *Tenn. Props., Inc. v. Gillentine*, 66 So.3d 695, 699 (Miss. Ct. App. 2011) (affirming chancery court's denial of sanctions against plaintiff who sued subsequent purchaser for value in a wrongful foreclosure case, stating that such claims "might have been weak" but were not pled with no hope of success)).   As the court did in *Brasel*, the Court will evaluate each cause of action against the Individual Defendants.   *Id.*

Plaintiff has asserted causes of action for trespass and ejectment against the Individual Defendants.   With respect to her trespass claim, Plaintiff alleges that (1) the Individual Defendants are "improperly and illegally possessing the subject property" and "committed trespass . . . when they intentionally invaded the property without consent or right to enter the land,"   Compl., Docket No. 1, Ex. A, ¶ 104; and (2) that she suffered nominal damages and actual damages for which she is entitled to recover.   With these pleadings, Plaintiff has at least stated a "possibility of success" on her trespass allegations.   *Brasel*, 2014 WL 2879698, at *4.

---

did not allege claims of trespass or ejectment, which are state law claims with separate standards of proof. The court in *Sheppard* also did not address the extent to which status as a bona fide purchaser for value would constitute an affirmative defense that could not properly be considered at the motion to remand stage.   The availability of a possible affirmative defense does not support a finding of fraudulent joinder where it would lead to a consideration of the Plaintiff's claims on the merits.   *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983) (courts should not litigate the substantive issues in the case as part of the inquiry into jurisdiction in a motion to remand proceeding).   This determination has led other district courts in Mississippi to reach a different conclusion than *Sheppard*.   *See, e.g.*, *Brasel v. JPMorgan Chase, N.A.*, 1:13-CV-00206-GHD, 2014 WL 2879698, at *4 (N.D. Miss. June 24, 2014) (Davidson, J.); *Sturgis v. JPMorgan Chase Bank, N.A., et al.*, No. 3:13-cv-544-LG-JMR, Docket No. 36, at 8 (S.D. Miss. May 2, 2014) (cited in this action at Docket No. 37, Ex. A (*Sturgis* Remand Order) (Guirola, C.J.)); *Randall v. Bank of America, et al.*, No. 3:13cv470TSL-JMR, Docket No. 12, at 9-10 (S.D. Miss. Sept. 24, 2013) (Lee, J.).

In her claim for ejectment, Plaintiff alleges that (1) the Individual Defendants "illegally possess the subject property," Compl., Docket No. 1, Ex. A, ¶ 112; (2) Plaintiff has "superior/equitable/actual title" against any conveyance or claim of title held by the Individual Defendants, *id.* ¶ 113; and (3) Plaintiff seeks an order of ejectment judgment finding that the Plaintiff is the legal owner to the subject property. *Id.* ¶ 114.  In this case, Housdan argues that the foreclosure sale is void and thus no title passed to Individual Defendants.[7]  If the foreclosure sale was determined to be void, and Housdan demonstrated that her title to the property was superior to that of the Individual Defendants, she could state a claim for ejectment. *See Sturgis v. JPMorgan Chase Bank, N.A., et al.*, No. 3:13-cv-544-LG-JMR, Docket No. 36, at 8 (S.D. Miss. May 2, 2014) (cited in this action at Docket No. 37, Ex. A (*Sturgis* Remand Order)); Miss. Code Ann. § 11-19-1 ("A civil action seeking ejectment as relief may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded.").

The Defendants argue that the Individual Defendants were bona fide purchasers for value without notice.  They claim that Plaintiff cannot successfully state claims against the Individual Defendants because they purchased the property for value without notice of Plaintiff's claim and bona fide purchasers take "title to the property free and clear of any non-perfected claims," and Plaintiff had no legal title to the property to support claims for trespass or ejectment. Ind. Def's MTD, Docket No. 11, at 4.  On this issue, this Court concurs with the decision of previous Mississippi courts which have evaluated the same subject.  The Individual Defendants' alleged status as bona fide purchasers for value without notice is "an affirmative defense and must be sustained by competent proof." *Brasel*, 2014 WL 2879698, at *4 (citing *Memphis Hardwood*

---

[7] *See Osborne v. Neblett*, 65 So.3d 311, 313 (¶9) (Miss. Ct. App. 2011) (holding that a foreclosure sale that did not comply with statutory requirements was a nullity and unenforceable); *Chase Home Fin., L.L.C. v. Hobson*, 81 So.3d 1097, 1101 (¶13) (Miss. 2012) (indicating that a subsequent purchaser of property may not have any rights to the property if a prior foreclosure sale was void).

*Flooring Co. v. Daniel*, 771 So.2d 924, 933 (Miss. 2000)).  "This Court cannot properly make a ruling in this regard at the motion for remand stage, because such a determination would require this Court to engage in an *Erie* guess and rule on the merits of the controversy." *Id.*; *see also Sturgis*, No. 3:13-cv-544-LG-JMR, Docket No. 36, at 10 (holding that determining whether plaintiff's claim could override the bona fide purchaser affirmative defense "is the type of analysis that is precluded in determining an improper joinder issue, and makes remand all the more appropriate.").

For the reasons above, Chase has failed to meet its heavy burden to justify removal based on improper joinder.  Therefore, the joining of the Individual Defendants creates a lack of complete diversity and remand is proper on this ground.

## II.  Federal Question Jurisdiction

In its Notice of Removal, Chase argues that this Court has subject matter jurisdiction over this action based on federal question jurisdiction.  Chase contends that Plaintiff's claims are based on certain consent orders entered into between the OCC and Chase.  *See* Compl. ¶¶ 31-32. Chase also states that Plaintiff has alleged that Chase violated HUD regulations, which require that certain procedures be followed in notifying a mortgagor before instituting a foreclosure sale process.  *See* Compl. ¶¶ 39-50.  It appears that Chase has misconstrued Plaintiff's claims, and neither of these allegations grant this Court subject matter jurisdiction over this case.

Under 28 U.S.C. § 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "A federal question exists only in those cases in which a well-plead complaint establishing either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir.

2008) (quotation marks, citation, and brackets omitted).   Although the Court has already

discussed removal for purposes of diversity jurisdiction, *see supra* at 4-5, the same general rules

apply when a case is removed for purposes of alleged federal question jurisdiction.   A few points

bear repeating, however.   The party seeking removal bears the burden of establishing that federal

jurisdiction exists.   *Boone.*, 416 F.3d at 388.   "Because the effect of removal is to deprive the

state of an action properly before it, removal raises significant federalism concerns… and any

doubt as to the propriety of removal should be resolved in favor of remand."   *Rayburn v. Miss.*

*Dev. Authority*, 877 F.Supp.2d 494, 496 (S.D. Miss. 2012) (citations omitted).   As this Court

explained in *Hearn v. Reynolds*:

> "[R]emoval is not available simply because a case will, at one point or
> another, involve a discussion of federal law.   Instead, Section 1441 permits removal
> only when the claims at issue 'arise under' federal law.   To put it another way,
> claims springing from state law may be removed only if they 'necessarily raise a
> stated federal issue [which is] actually disputed and substantial[.]'"

876 F.Supp. 2d 798, 799 (S.D. Miss. 2012) (citations omitted).

## A.  Jurisdiction Under OCC Consent Orders and HUD Regulations

In the Complaint, Plaintiff alleged that Chase and its subsidiaries "have a pattern of

wrongful disclosure."   Compl. ¶ 31.   Plaintiff then referenced a Consent Order that Chase entered

into with the OCC as part of a review of Chase's residential mortgage services in which the OCC

identified "deficiencies and unsafe or unsound practices in residential mortgage servicing and the

Bank's initiation and handling of foreclosure proceedings," and included a summary of this list.

*Id.* ¶ 32.   The OCC consent orders do not provide the Plaintiff with a private cause of action.   *See*

*Green v. Bank of America Corp.*, 530 F. App'x 426, 430 (6th Cir. 2013) ("Plaintiff has no right

to enforce the terms and conditions of the OCC Consent Orders" because "a consent order is a

contract that non-parties are not entitled to enforce.").   It is well settled that "a consent decree is

not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975).  *See also Shatteen v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 320, 321 (5th Cir. 2013) (unpublished) (holding homeowner "has no standing to enforce consent decrees to which she is not a party").  Plaintiff apparently recognized this point in the Complaint, given that she specifically stated that she was "not making any claim for violation of the OCC Consent decree. [sic]" *Id.* ¶ 33.

As for the allegation that this Court has subject matter jurisdiction based on Plaintiff's complaint that Chase breached the deed of trust by not notifying her of default in the manner prescribed by HUD regulations, that claim also fails to provide this Court with subject matter jurisdiction.  These regulations derive from the National Housing Act.  12 U.S.C. § 1709.  "[T]he National Housing Act and the regulations promulgated thereunder deal only with the regulations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow." *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977).  Chase has not provided any authority to support its assertion that the plaintiff would have a private cause of action under the National Housing Act for the violation of these regulations.  Plaintiff has pled her claim as a breach of contract action under the deed of trust.  "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986) (citation omitted).  Accordingly, Chase has not met its burden of establishing that federal question jurisdiction based on these OCC consent orders and HUD regulations.

### B.  Bankruptcy Jurisdiction

Defendant Chase also alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 157, 1334, & 1452, on the basis that the Plaintiff failed to disclose this suit in her 2011 bankruptcy filing.  Chase contends that Plaintiff's standard, no-asset discharge was "[b]ased on her concealment of" this claim to the subject property as an asset of the bankruptcy estate, and that these "new-found and previously undisclosed" claims fall within the bankruptcy court's jurisdiction.  Notice of Removal, Docket No. 1, at 5; Docket No. 17, at 16.  Plaintiff argues that she did not allege these claims at the time she filed for bankruptcy in 2011 because she was not aware that she had "viable causes of action" against Chase for the foreclosure sale of the subject property.

28 U.S.C. § 1452—removal of claims related to bankruptcy case—reads in pertinent part:

> A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under section 1334 of this title

28 U.S.C. § 1334 reads in pertinent part:

> (a) Except as provided in subject (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Except as provided in subsection (e)(2), and not withstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Thus, Section 1334(b) contains three subcategories of federal subject-matter jurisdiction which are referred to as "arising under," "arising in," and "related to" jurisdiction.  *Soriano v. Trustmark Nat'l Bank*, 3:11CV332-DPJ-FKB, 2012 WL 28596, at *1 (S.D. Miss. Jan. 5, 2012)

*aff'd*, 487 F. App'x 144 (5th Cir. 2012) (citing *Dubose v. Merchants and Farmers Bank*, 318 F. Supp. 2d 419, 425 (S.D. Miss. 2003)).

The Fifth Circuit has explained that proceedings "arise under" Title 11 "insofar as they involve a cause of action created by a statutory provision therein. . . ." *In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010). Proceedings that "arise in" cases under Title 11 by their nature can only arise in bankruptcy cases. *Id.* The present dispute derives from the foreclosure and subsequent sale of Plaintiff's property, and does not involve a cause of action created by Title 11. *See id.* Nor is Plaintiff's case of the type that can only arise in bankruptcy cases. *See id.* The Court is not persuaded that Plaintiff's state law claims against Defendants "arise under" or "arise in" any case under Title 11.[8] *See id.*

To determine whether a matter is "related to" a bankruptcy case, the Fifth Circuit has adopted the definition that a proceeding is "related to" the bankruptcy case if the outcome of that proceeding could have "any conceivable effect on the estate being administered in bankruptcy." *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009) (*citing Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). Plaintiff filed for bankruptcy fifteen

---

[8] This conclusion resolves Chase's argument that this Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 157. Section 157 divides all proceedings outside the bankruptcy petition into two categories. Subsection 157(b)(1) gives bankruptcy judges the power to determine "all core proceedings arising under title 11, or arising in a case under title 11" and to enter appropriate orders and judgments. Subsection 157(c)(2) gives the bankruptcy judge the limited power to hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and to submit proposed findings of fact and conclusions of law to the district court. "The essential distinction that must be made, therefore, is whether this action is a core or non-core proceeding." *Matter of Wood*, 825 F.2d 90, 95 (5th Cir. 1987). The Fifth Circuit has held that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.* at 98. "Section 157 apparently equates core proceedings with the categories of 'arising under' and 'arising in' proceedings." *Id.* at 97. A non-core proceeding is any action that is "not based on any right created by the federal bankruptcy law," but rather on "state created rights." *Id.* (finding a non-core proceeding based on a state contract law claim that "had there been no bankruptcy, could have proceeded in state court."). This case includes state law claims, none of which could arise only in a bankruptcy proceeding. Thus, this case is a non-core proceeding and the Court does not have subject matter jurisdiction based on Plaintiff's bankruptcy action.

months after the foreclosure sale of the subject property.  The bankruptcy court granted Plaintiff

a discharge in March 2011.  Plaintiff did not file this action in Rankin County Circuit Court until

August 2, 2013, more than two years after the bankruptcy court issued a discharge and her claim

was no longer pending.  Even if this claim arose after the bankruptcy discharge, Plaintiff also had

no reason to list the subject property as an asset of her estate because she no longer had title to it.

Neither Plaintiff nor the Defendants have moved to reopen the bankruptcy proceeding or

reverse Plaintiff's discharge, which indicates that this proceeding could not, at least at this stage,

have any effect on an estate being administered in bankruptcy.  *See Nguyen v. Regions Bank*,

1:10CV253-HSO-JMR, 2010 WL 5071173, at *6 (S.D. Miss. Dec. 7, 2010); *Kane v. National

Union Fire Ins. Co.,* 535 F.3d 380, 383 (5th Cir.2008) (noting that, after defendants moved for

summary judgment in state court arguing judicial estoppel, plaintiffs filed motion in bankruptcy

court to reopen their bankruptcy proceedings, and after the bankruptcy court granted the motion

to reopen, defendant removed the case to federal court invoking the federal district court's

"related to" bankruptcy jurisdiction).  As a result, the Court is not persuaded that this action is

"related to" the Plaintiff's earlier bankruptcy case or any other.  *Nguyen*, 2010 WL 5071173, at

*6 (citing *In re Morrison*, 555 F.3d at 479).

Even if this matter were "related to" Plaintiff's former bankruptcy case, remand would

nevertheless be appropriate.  Section 1334(c)(2) provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law
> claim or State law cause of action, related to a case under title 11 but not
> arising under title 11 or arising in a case under title 11, with respect to
> which an action could not have been commenced in a court of the United
> States absent jurisdiction under this section, the *district court shall abstain
> from hearing* such proceeding if an action is commenced, and can be
> timely adjudicated, in a State forum of appropriate jurisdiction.

(Emphasis added).

The Fifth Circuit has

> interpreted this provision to mandate federal court abstention where "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related [to a case under title 11 but does not arise under] or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."

*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (quoting *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997)).  As the court decided in *Nguyen* when faced with a similar question, "Even if this case were 'related to' the previous bankruptcy case, Section 1334(c)(2) dictates that, upon Plaintiff's Motion to Remand, the Court must abstain from hearing it.  In such a scenario, this case would have no independent basis for federal jurisdiction other than Section 1334(b), it was commenced in state court, and it can be timely adjudicated in that forum."  *See Nguyen*, 2010 WL 5071173, at *6-7 (citing 28 U.S.C. § 1334(c)(2)).

## III.  Motion to Strike Improper Rebuttal[9]

Plaintiff filed a reply brief to Chase's opposition to Plaintiff's motion to remand.  Docket No. 20.  Chase has filed a motion to strike this reply brief, arguing that (1) Plaintiff raised new arguments on rebuttal that were "not even remotely foreshadowed" by Plaintiff's original

---

[9] In her Motion to Strike Improper Reply Brief, Docket No. 32, Plaintiff seeks to strike this motion by Defendant Chase as untimely. The Motion to Strike Improper Rebuttal was filed by Chase on December 9, 2013.  Plaintiff filed a response in opposition on December 20, 2013. Chase filed its reply brief on December 30, 2013.  Plaintiff argues that, under the local rules, Chase was required to submit its reply brief no later than December 27, 2013, which would have been "within seven days after the service of the respondent's response and memorandum brief," and since it failed to do so, the defendant was required to "make [a] request for an extension of time in writing" to this Court. L.U. Civ.R. 7(b)(4).  Although no extension was requested by Defendant, Plaintiff urges further that the Court refuse to provide a good cause extension and strike the brief as untimely due to the defendant's failure to show that its tardiness was the result of excusable neglect. Fed. R. Civ. P 6(b)(1)(B).  Plaintiff is wrong on this point.  Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, "3 days are added after the period would otherwise expire," even when service is through electronic means.  Chase filed its reply brief 10 (ten) days after Plaintiff's response.  Therefore, Defendant was not required to file for an extension of time to reply or to show good cause for the alleged tardiness.  The Court notes that the filings were submitted as the year was coming to a close and in all likelihood a request for more time would have been received favorably. In any event, the motion is denied.

motion; (2) Plaintiff failed to waive any arguments about defects in removal by failing to raise

them timely, and that the defects Plaintiff raised are inaccurate; and (3) Plaintiff's arguments that

the Individual Defendants are necessary and proper parties under Rule 19 are irrelevant to

jurisdictional issues in the case; and (4) Plaintiff's affidavit attached to her reply brief is

untimely, irrelevant, and does not refute anything raised by Chase in response to its opposition to

remand.

   In her reply brief, Plaintiff raised multiple arguments that were never raised in the

original motion.  These arguments include: (1) that Chase's Notice of Removal was procedurally

defective because Chase did not obtain "timely consent" from the Individual Defendants nor did

it file a notice of removal; (2) that the Defendant Tammy Dorman's Declaration, at Docket No.

16, Ex. N, that Paula M. Joyner, administrative assistant for Plaintiff's counsel, told her that the

Individual Defendants were only being sued "to keep the case in state court" was hearsay;[10] and

(3) that Plaintiff also seeks attorneys' fees and costs that she did not seek in her motion to

remand.  It is well settled that a party may not raise an argument for the first time in a rebuttal.

"A reply memorandum is not the appropriate place to raise new arguments."  *Mississippi ex rel.*

*Hood v. AU Optronics Corp.*, 876 F.Supp.2d 758, 768 (S.D. Miss. 2012) (quotation marks and

citation omitted); *see also United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *Bailey v.*

*Am. Home Mortgage Servicing, Inc.*, 3:11-CV-407-CWR-FKB, 2012 WL 2051870, at *2 (S.D.

Miss. June 6, 2012).  This rule also applies to requests for attorney's fees and costs raised for the

first time in rebuttal.  *Fuhgetaboutit, LLC v. Columbus Police Dep't*, 1:10-CV-207-SA-JAD,

2011 WL 4529665, at *4 (N.D. Miss. Sept. 28, 2011) ("[T]his argument [for an award of

---

[10] This argument has also been raised in a separate motion to strike filed by the Plaintiff.  The Plaintiff has
argued that the paragraph of Dorman's Declaration in which she stated the Joyner had told her "not to
worry" about the complaint because the Plaintiff had only sued the Individual Defendants to "keep them
in state court" should be struck because it is hearsay.  Docket No. 19 (citing Declaration, Docket No. 16,
Ex. N, ¶ 10).

attorneys' fees] was not raised in Defendants' Motion to Dismiss, and this Court will not consider issues raised for the first time in a reply brief.") (citing L.U. Civ. R. 7).  Because the Defendants did not have an opportunity to address these issues, the Court will not consider these arguments.

## IV. Motion to Strike Hearsay Statements

In her Motion to Strike, Docket No.18, Plaintiff seeks to remove alleged statements contained in Defendant Dorman's Declaration.  Docket No. 16-14, at ¶ 10.  In its response opposing remand, Defendant Chase offers declaration testimony from Defendant Tammy Michele Dorman wherein she claims that, as she was being served with process, Plaintiff's paralegal and process server, Paula M. Joyner, advised her "not to worry" because the Dormans and Frances Gray were only being named as defendants "to keep the case in state court."  *Id.* Chase contends this is additional proof that in-state defendants were improperly joined in this action for the sole purpose of preventing it from being held in a federal forum.  In response, Housdan argues that the alleged statements are inadmissible hearsay that cannot be properly considered in this summary judgment proceeding.  Because the ruling on the issue of remand did not necessitate reference to the declaration in question, the Court finds that the Motion to Strike is denied as moot.

## V.  CONCLUSION

This matter shall be remanded to the Circuit Court of Rankin County, Mississippi. Because the Court lacks jurisdiction over the case, it does not reach the merits of the Motions to Dismiss [Docket Nos. 6 and 10].  The Motion to Stay Proceedings [Docket No. 13] is now moot. Plaintiff's Motion to Strike [Docket No. 18] is moot.  Defendant's Motion to Strike [Docket No. 23] is granted and Plaintiff's Motion to Strike [Docket No. 32] is denied.

**SO ORDERED**, this the 24th day of September, 2014.


s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE